94 F.3d 641
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Iva G. HALL, Widow of Shirley M. Hall, Petitioner,
v.
DIRECTOR, Office of Workers' Compensation Programs, United
States Department of Labor; Consolidation Coal
Company, Respondents.
 No. 95-2885.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1996.
Decided Aug. 23, 1996.
 
 S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Petitioner. Ann B. Rembrandt, JACKSON & KELLY, Charleston, West Virginia, for Respondents.
 Before MURNAGHAN and ERVIN, Circuit Judges, and BUTZNER,* Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Iva Hall, the widow of Shirley Hall, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to deny black lung benefits on the miner's claim and her survivor's claim. The ALJ denied benefits based on her determination that pneumoconiosis did not contribute to either the death or the disability of the miner. Hall's sole contention on appeal relating to the survivor's claim is that, in denying that claim, the ALJ failed to discuss the "hasten death" standard announced in our decision in Shuff v. Cedar Coal Co., 967 F.2d 977 (4th Cir.1992). We find, however, that even under that standard the denial of benefits in this case must be affirmed as a matter of law because the record is devoid of any affirmative evidence linking pneumoconiosis to the miner's death. Rather, seven pathologists, the autopsy prosector, and the attending physician who signed the miner's death certificate all agreed that the miner died from a myocardial infarction attributable to severe coronary artery disease.
 
 
 2
 Similarly, with regard to the miner's claim, we find that Hall's contentions that the ALJ erroneously credited four medical reports provided by the employer's physicians are moot because Hall raises no challenge to the ALJ's decision to reject the report of Dr. Rasmussen, the only physician of record finding a link between pneumoconiosis and the miner's respiratory insufficiency. Absent this report, the record contains no evidence which could support Hall's burden to prove that pneumoconiosis contributed to the miner's total disability. See Robinson v. Pickands Mather & Co., 914 F.2d 35, 36 (4th Cir.1990). We also note that the ALJ properly rejected Dr. Rasmussen's report on the grounds that it failed to discuss the impact of the miner's heart problems on his respiratory impairment, and was based on less extensive data than the remaining, conflicting reports of record.
 
 
 3
 Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Senior Judge Butzner did not participate in consideration of this case. The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) (1988)